# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 24, 2021

Lyle W. Cayce
Clerk

No. 20-10857
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ABRAHAM EUGENE SPEAR,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-323

Before DAVIS, JONES, *and* ELROD, *Circuit Judges*.

PER CURIAM:*

Abraham Eugene Spear is federal prisoner (# 45095-177) incarcerated for attempted enticement of a minor.  He is serving a 210-month sentence, which will be followed by a life term of supervised release.  Pursuant to the First Step Act and citing COVID-19, Spear filed a motion requesting

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

compassionate release. 18 U.S.C. § 3582(c)(1)(A). The district court denied the motion, holding that Spear had not demonstrated extraordinary and compelling reasons, and additionally that his reasons were not consistent with the Sentencing Commission's applicable policy statements in U.S.S.G. § 1B1.13(2). Spear appealed.

This court reviews the district court's denial of Spear's motion for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020). A district court abuses its discretion when it "bases its decision on an error of law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks and citation omitted).

Spear argues that the district court treated the policy statements in § 1B1.13 as binding and dispositive, and therefore abused its discretion. Spear is correct that this court has held that "neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582, and that "[t]he district court on remand is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

In denying Spear's motion, however, the district court did so on the basis that Spear failed to demonstrate extraordinary or compelling reasons to warrant compassionate release. To the extent the court erred in adding that Spear's reasons had to be consistent with the Sentencing Commission's policy statements, it was a secondary point and does not affect the district court's primary holding.

The denial of Spear's § 3582(c)(1)(A) motion is AFFIRMED.